**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUN WANG, | No. 16-71152 |
| Petitioner, | Agency No. A201-202-742 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2020[**]

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Jun Wang, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his applications for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

The agency found that Wang did not establish past persecution because his testimony was not credible. Substantial evidence supports the agency's adverse credibility determination based on inconsistent testimony as to his business in China, his travel plans to the United States, and where he attends church in the United States. *See id.* at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Wang's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). The record does not support Wang's contention that the agency did not give him an opportunity to explain. Substantial evidence supports the agency's determination that Wang's documentary evidence was insufficient to independently establish past persecution. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to rehabilitate credibility or independently support claim).

Substantial evidence also supports the agency's determination that Wang's fear of future persecution is not objectively reasonable. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed "to present compelling, objective evidence demonstrating a well-founded fear of persecution"); *see also Zehatye v.*

16-71152

*Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006) (the "clear probability standard for withholding of removal is more stringent than the well-founded fear standard governing asylum" (citation and internal quotation marks omitted)). Thus, Wang's asylum and withholding of removal claims fail.

In light of this disposition, we do not reach Wang's remaining contentions as to the merits of his asylum or withholding claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's denial of Wang's CAT claim because it was based on the same evidence found not credible, and the record does not otherwise compel the conclusion the conclusion that it is more likely than not Wang would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

We do not consider the materials Wang references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

As stated in the court's October 3, 2016 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

16-71152